IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDICE WILHELM, *individually and on behalf of all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> BITPAY, INC., <br><br> Defendant. | Case No. 23-cv-15799 <br><br> Honorable John F. Kness <br><br> Honorable Jeannice W. Appenteng |

## DEFENDANT BITPAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant BitPay, Inc. ("BitPay"), by its undersigned attorneys, pursuant to Fed. R. Civ. P. 12, submits the following Answer and Affirmative Defenses in response to Plaintiff's Complaint:

### RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

1. BitPay is a website and mobile phone application owned and operated by BitPay, Inc. which markets itself as a virtual platform where users may trade, purchase, borrow and transfer crypto currency.

    **ANSWER:** BitPay admits that it maintains a website and an application that can be used on mobile devices. BitPay further admits that it offers various products to its users, and that it has marketed some of those products as capable of certain functionalities described in paragraph 1. Except as expressly stated herein, the allegations contained in paragraph 1 are denied.

2. Plaintiff opened an account on Bitpay within the five (5) years immediately preceding the filing of this Complaint.

    **ANSWER:** BitPay lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 and therefore denies the same.

3. As part of signing up, and/or gaining access to her BitPay account, Plaintiff was prompted to allow Defendant to collect fingerprint scans, *i.e.*, her biometric information in order to verify her identity and ensure that she can meet the standards required by Defendant in order to have access to the application.

**ANSWER:** BitPay lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 and therefore denies the same.

4. BitPay recommends that users utilize the fingerprint reading software on their cellular devices in order to ensure a more secure account.

**ANSWER:** BitPay admits that its mobile application may be accessible by utilizing the fingerprint recognition feature available on a user's device (*e.g.*, Touch ID on Apple devices), and that the use of this feature can help secure a user's device and applications. Except as expressly stated herein, the allegations contained in paragraph 4 are denied.

5. Fingerprint scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised.

**ANSWER:** BitPay admits that fingerprint scans are unique biometric identifiers associated with each user that cannot be changed if stolen or compromised. BitPay lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 5 and therefore denies the same.

6. Defendant collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data.

**ANSWER:** Denied.

7. The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

**ANSWER:** Paragraph 7 states a legal conclusion to which no response is required. To the extent that a response is required, BitPay denies the allegations of paragraph 7 to the extent that they mischaracterize the cited authorities.

8. Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g en banc, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

**ANSWER:** Paragraph 8 states a legal conclusion to which no response is required. To the extent that a response is required, BitPay denies the allegations of paragraph 8 to the extent that they mischaracterize the cited authorities.

9. In recognition of these concerns over the security of individuals' biometrics — particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including forger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) — the Illinois Legislature enacted the BIPA, which provides, inter alia, that a private entity like BitPay, Inc. may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

**ANSWER:** Paragraph 9 states legal conclusions to which no response is required. To the extent that a response is required, BitPay denies the allegations of paragraph 9 to the extent that they mischaracterize the cited authorities.

10. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

**ANSWER:** Paragraph 10 states a legal conclusion to which no response is required. To the extent that a response is required, BitPay denies the allegations of paragraph 10 to the extent that they mischaracterize the cited authorities.

11. BitPay, Inc. is a "private entity" as that term is broadly defined by BIPA and is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

**ANSWER:** Paragraph 11 states a legal conclusion to which no response is required. To the extent that a response is required, denied.

## JURISDICTION AND VENUE

12. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS § 14/1 *et seq.*) brought pursuant to 735 ILCS §§ 5/2-801, 2-802 seeking statutory damages.

**ANSWER:** BitPay admits that Plaintiff is seeking to pursue a class action based on purported violations of the referenced statute and seeks statutory damages. Except as expressly stated herein, the allegations contained in paragraph 12 are denied.

13. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred within this judicial district.

**ANSWER:** BitPay does not dispute that venue is proper before the Court. Except as expressly stated herein, the allegations contained in paragraph 13 are denied.

14. At all relevant times, Plaintiff is a resident of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff was located in Illinois.

**ANSWER:** BitPay denies it violated BIPA. BitPay lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 14 and therefore denies the same.

15. BitPay is a cryptocurrency corporation which markets itself and does substantial business with users located in and residing within the State of Illinois.

**ANSWER:** BitPay does not dispute the existence of personal jurisdiction before the Court. Except as expressly stated herein, the allegations contained in paragraph 15 are denied.

16. BitPay markets directly to Illinois residents.

**ANSWER:** BitPay does not dispute the existence of personal jurisdiction before the Court. Except as expressly stated herein, the allegations contained in paragraph 16 are denied.

17. BitPay's marketing efforts include, but are not limited to, pay-per-click advertising, Facebook ads, Instagram ads, and other social media marketing campaigns targeted specifically at individuals residing within the City of Chicago and State of Illinois.

**ANSWER:** BitPay does not dispute the existence of personal jurisdiction before the Court.

Except as expressly stated herein, the allegations contained in paragraph 17 are denied.

18. BitPay's marketing efforts directed towards Illinois were a factor in Plaintiff's decision to open an account on BitPay.

**ANSWER:** BitPay lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 and therefore denies the same.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER:** BitPay reasserts its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

20. Plaintiff opened an account on BitPay within the five years immediately preceding the filing of this Complaint.

**ANSWER:** BitPay lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 and therefore denies the same.

21. As part of signing up, and/or gaining access to her BitPay account, Plaintiff was prompted to allow Defendant to collect fingerprint scans, *i.e.*, her biometric information in order to verify her identity and ensure that she can meet the standards required by Defendant in order to have access to the application.

**ANSWER:** BitPay lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 and therefore denies the same.

22. BitPay recommends that users utilize the fingerprint reading software on their cellular devices in order to ensure a more secure account.

**ANSWER:** BitPay admits that its mobile application may be accessible by utilizing the fingerprint recognition feature available on a user's device (*e.g.*, Touch ID on Apple devices), and that the use of this feature can help secure a user's device and applications. Except as expressly stated herein, the allegations contained in paragraph 22 are denied.

23. Fingerprint scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised.

**ANSWER:** BitPay admits that fingerprint scans are unique biometric identifiers associated with each user that cannot be changed if stolen or compromised. BitPay lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 23 and therefore denies the same.

24. At the time of collecting and retaining Plaintiff's biometric information, Defendant had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

**ANSWER:** Denied.

25. Defendant did not inform Plaintiff in writing that Defendant was collecting or storing her biometric information.

**ANSWER:** Denied.

26. In fact, Defendant made no mention of biometric information, collection of biometric information, or storage of biometric information.

**ANSWER:** Denied.

27. Moreover, Defendant did not inform Plaintiff in writing of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

**ANSWER:** Denied.

28. Defendant collected, stored, and used Plaintiffs biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize Defendant to do the same.

**ANSWER:** Denied.

29. Additionally, Defendant disclosed, redisclosed, or otherwise disseminated Plaintiffs information (1) without Plaintiff's consent; (2) without Plaintiffs authorization to complete a fmancial transaction requested or authorized by; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

**ANSWER:** Denied.

30. Defendant's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of Defendant's policy and procedures which Defendant

6

applies to all of its users, including the Class Members.

**ANSWER:** Denied.

## CLASS DEFINITIONS AND ALLEGATIONS

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER:** BitPay reasserts its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

32. Plaintiff brings Claims for Relief in violation of BIPA as a class action on behalf of herself and all members of the following Class:

> **All Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint.**

**ANSWER:** BitPay admits that Plaintiff seeks relief individually and on behalf of a putative class but denies that either Plaintiff or the putative class is entitled to any relief or that this action may be properly pursued as a class action. Except as expressly stated herein, the allegations contained in paragraph 32 are denied.

33. In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

**ANSWER:** Paragraph 33 does not contain any allegations of fact to which BitPay is required to respond. To the extent that any response is required, the allegations contained in paragraph 33 are denied.

34. **Numerosity.** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

**ANSWER:** Denied.

35. **Existence of Common Questions of Law and Fact.** Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

    a. Whether Defendant possessed Plaintiff's and the Class Members' biometric

7

      identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

    b. Whether Defendant collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifier or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifier or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members[.]

    c. Whether Defendant disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a fmancial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or Federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

    d. The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

    **ANSWER:** Denied.

    36. **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

    **ANSWER:** BitPay denies the first sentence of paragraph 36. BitPay lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36 and therefore denies the same.

    37. **Appropriateness and Efficiency.** Class certification is also appropriate and efficient because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the

8

expense and burden of individual prosecution. In addition, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**ANSWER:** Denied.

### COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER:** BitPay reasserts its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

39. A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

**ANSWER:** Paragraph 39 states legal conclusions to which no response is required. To the extent that a response is required, BitPay denies the allegations of paragraph 39 to the extent that they mischaracterize the cited statutory provisions.

40. As part of signing up, and/or gaining access to their BitPay account, Plaintiff and the Class Members were prompted to allow Defendant to collect their facial geometry, *i.e.*, their biometric information.

**ANSWER:** Denied.

41. At the time of collecting and retaining Plaintiff's and the Class Members' biometric information, Defendant had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

**ANSWER:** Denied.

42. As such, Defendant's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

**ANSWER:** Denied.

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER:** BitPay reasserts its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

44. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

**ANSWER:** Paragraph 44 states a legal conclusion to which no response is required. To the extent that a response is required, BitPay denies the allegations of paragraph 44 to the extent that they mischaracterize the cited statutory provisions.

45. Defendant did not inform Plaintiff and the Class Members in writing that Defendant was collecting or storing their biometric information.

**ANSWER:** Denied.

46. In fact, Defendant made no mention of biometric information, collection of biometric information, or storage of biometric information.

**ANSWER:** Denied.

47. Moreover, Defendant did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

**ANSWER:** Denied.

48. Defendant collected, stored, and used Plaintiffs and the Class Members' biometric information without ever receiving a written release executed by Plaintiff or the Class Members which would consent to or authorize Defendant to do the same.

**ANSWER:** Denied.

49. As such, Defendant's collection of Plaintiffs and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

**ANSWER:** Denied.

### COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER:** BitPay reasserts its responses to each of the preceding paragraphs of the Complaint as if fully set forth herein.

51. No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

> (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;
>
> (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or
>
> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

**ANSWER:** Paragraph 51 states a legal conclusion to which no response is required. To the extent that a response is required, BitPay denies the allegations of paragraph 51 to the extent that they mischaracterize the cited statutory provisions.

52. Defendant's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

11

**ANSWER:** Denied.

**GENERAL DENIAL:** BitPay denies that either Plaintiff or the putative class is entitled to any relief whatsoever, and further denies any allegation of the Complaint not specifically admitted herein.

WHEREFORE, BitPay requests that Plaintiff's claims be dismissed with prejudice; that BitPay be awarded its costs and fees; and for such other and further relief as the Court deems just and proper.

## DEFENSES

Defendant BitPay, by its undersigned attorneys, pleads the following separate and independent defenses in the numbered paragraphs that follow:

1. Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part because BitPay did not collect and was not "in possession of biometric identifiers or biometric information" of Plaintiff or any other putative class members as defined under the Illinois Biometric Information Privacy Act ("BIPA"). 740 ILCS § 14/15.

2. Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part because Plaintiff and the putative class members consented to the conduct that is alleged to have violated BIPA—*i.e.*, their use of fingerprint recognition features available on their devices (*e.g.*, Touch ID on Apple devices) to access BitPay's mobile application.

3. Based on such consent, among other things, Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part by the doctrines of waiver and/or estoppel.

4. Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part by the applicable statute of limitations.

5. Based on such delays in bringing suit, and the resulting prejudice to BitPay,

Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part by laches.

6. Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part for her and/or their failure to take reasonable efforts to mitigate any alleged damages and/or by the doctrine of avoidable consequences.

7. Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part by release.

8. The purported class cannot be certified because, *inter alia*, the putative class, class representatives, and/or class counsel fail to meet the typicality, commonality, numerosity, adequacy, superiority, and predominance requirements for pursuit of claims as a class action.

9. Plaintiff's claims, and those of some or all putative class members, are barred in whole or in part by BitPay's good faith and lack of negligent, reckless or intentional misconduct.

10. Plaintiff's claims, and those of some or all putative class members, are foreclosed by 740 ILCS 14/25(c).

11. Plaintiff's claims, and those of some or all putative class members, are barred because they violate due process. Among other things, Plaintiff and some or all of the putative class members seek to recover grossly excessive and disproportionate statutory damages in light of the absence of any harm to Plaintiff and such class members.

12. The Complaint fails to state a claim upon which relief can be granted.

13. BitPay presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. BitPay therefore respectfully reserves the right to assert additional defenses in the event that discovery or

further proceedings in this case indicate that they would be appropriate.

Dated:  November 15, 2023                                   Respectfully submitted,

                                                            BITPAY, INC.

                                                            By: */s/ Stephen J. Siegel*
                                                                   One of Its Attorneys

|  |  |
|---|---|
|  | Stephen J. Siegel |
| Edward A. Marshall* | *ssiegel@atllp.com* |
| *edward.marshall@agg.com* | ARMSTRONG TEASDALE LLP |
| Morgan E. M. Harrison* | 100 North Riverside Plaza |
| *morgan.harrison@agg.com* | Chicago, IL 60606 |
| ARNALL GOLDEN GREGORY LLP | (312) 419-6900 |
| 171 17th St. NW, Suite 2100 | Firm ID: 100678 |
| Atlanta, GA 30363 |  |
| (404) 873-8500 | *Counsel for Defendant BitPay, Inc.* |
| *Pro hac vice applications forthcoming* |  |

## **CERTIFICATE OF SERVICE**

      Stephen J. Siegel, an attorney, hereby certifies that on November 15, 2023, he caused a true and correct copy of the foregoing to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                  */s/ Stephen J. Siegel*